1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JONATHAN COFFER,                          No.  2:23-cv-02805-EFB (PC)

12              Plaintiff,

13        v.                                    ORDER

14   REYES, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18   U.S.C. § 1983.

19        The federal venue statute provides that a civil action "may be brought in (1) a judicial

20   district in which any defendant resides, if all defendants are residents of the State in which the

21   district is located, (2) a judicial district in which a substantial part of the events or omissions

22   giving rise to the claim occurred, or a substantial part of property that is the subject of the action

23   is situated, or (3) if there is no district in which an action may otherwise be brought as provided in

24   this action, any judicial district in which any defendant is subject to the court's personal

25   jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

26        In this case, the claim arose in Monterey County, which is in the Northern District of

27   California.  Therefore, plaintiff's claim should have been filed in the United States District Court

28   for the Northern District of California.  In the interest of justice, a federal court may transfer a

complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

Dated: April 1, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2