UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CHRISTOPHER COFFER, | Case No. 24-cv-02051-EKL |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| REYES, et al., | |
| Defendants. | |

Following extensive litigation of Plaintiff Jonathan Christopher Coffer's *pro se* claims of deliberate indifference against Defendants DeLeon and Reyes, correctional officers at Salinas Valley State Prison ("SVSP"), the Court screened Coffer's second amended complaint and dismissed it with leave to amend on November 17, 2025.  ECF No. 120.  On December 9, 2025, Coffer filed his third amended complaint.  ECF No. 122.  The third amended complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the Court DISMISSES the third amended complaint as specified below.

## I.    LEGAL STANDARDS

### A.    Standard of Review

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims, which are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. § 1915A(b)(1)-(2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**B.      Section 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act, or fails to perform an act that he is legally required to do, causing the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

**II.      PLAINTIFF'S ALLEGATIONS**

Coffer's third amended complaint asserts claims related to Defendants' decision to stop at In-N-Out Burger while transporting Coffer to the hospital on June 3, 2023. ECF No. 122 at 2. Coffer alleges that Defendants violated his First Amendment rights by stopping at the restaurant on their way to the hospital, and then ignoring him when he asked, "can you please get me to the hospital[?]" ECF No. 122 at 2. He realleges his Eighth Amendment deliberate indifference claim

2

related to Defendants' restaurant detour.  He seeks monetary damages.[1]

## III.    ANALYSIS

The Court screens Coffer's claims below.

### A.    First Amendment Claim

Coffer alleges that Reyes and DeLeon violated his First Amendment right to free speech when they stopped at In-N-Out Burger during his transport to the hospital on June 3, 2023.  ECF No. 122 at 2.  The Court has twice interpreted Coffer's allegations as raising a First Amendment retaliation claim and dismissed the claim with leave to amend.  ECF No. 120 at 3-4.  The third amended complaint again fails to state a claim.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled [or could chill] the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citation omitted); *accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).  Both filing a grievance and requesting healthcare are considered protected conduct for the purposes of the First Amendment.  *See Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003); *Valencia v. Cal. Dep't of Corrections & Rehabilitation*, No. 23-cv-0831-SKO, 2024 WL 4453340, *5 (E.D. Cal. Oct. 9, 2024).

Although Coffer labels his claim as retaliation, he has not alleged that DeLeon and Reyes took adverse action against him because of any protected speech.  *See Rhodes*, 408 F.3d at 567-68 (requiring causation and protected conduct).  He therefore has not alleged a cognizable claim of retaliation.  Because Coffer has been granted leave to amend multiple times and has been unable to state a cognizable First Amendment claim, the Court concludes that further leave to amend would be futile.  *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave

---

[1] He also notifies the Court within his third amended complaint that he is no longer pursuing the Eighth Amendment claim against Dr. Lawson in this lawsuit.  *See* ECF No. 122 at 4. Accordingly, that claim is DISMISSED WITHOUT PREJUDICE to Coffer litigating his claim in a separate matter.

United States District Court
Northern District of California

to amend may be denied if the proposed amendment is futile or would be subject to dismissal."). This claim is DISMISSED WITHOUT LEAVE TO AMEND.

### B.    Eighth Amendment Claim

Coffer also attempts to revive his Eighth Amendment deliberate indifference claim against Defendants. As the Court has noted in its prior order, the Court has already granted summary judgment in favor of Defendants on this claim, and Coffer cannot reallege this claim because it has been denied on the merits. *See* ECF No. 106 at 3 n.1. Coffer is cautioned that continuing to raise the same claim may be considered abusive. *Cf. Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)) (duplicative *in forma pauperis* complaint may be considered abusive and dismissed under 28 U.S.C. § 1915). The claim is DISMISSED WITH PREJUDICE.

## IV.    CONCLUSION

The Court orders as follows:

1.  Coffer's third amended complaint is DISMISSED as follows:

    a.  The First Amendment claim is DISMISSED WITHOUT LEAVE TO AMEND.

    b.  The Eighth Amendment deliberate indifference claim is DISMISSED WITH PREJUDICE for the reasons stated above.

    c.  The Eighth Amendment claim against Dr. Lawson is DISMISSED WITHOUT PREJUDICE to Coffer litigating his claim in a separate matter.

2.  As no further claims remain, the Clerk shall close the file and enter judgment in favor of Defendants.

**IT IS SO ORDERED.**

Dated:  June 22, 2026

Eumi K. Lee
United States District Judge

United States District Court
Northern District of California

4